```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

LAVOSHAI MABIEN,                *
                                *
    Plaintiff,                  *
                                *
vs.                             *
                                *   CIVIL ACTION NO. 19-00053-KD-B
                                *
ANDREW M. SAUL,                 *
Commissioner of Social Security,*
                                *
    Defendant.                  *


## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff, Lavoshai Mabien's, *pro se* complaint seeking review of a final decision of the Commissioner of Social Security. (Doc. 1). Upon careful review, it is **RECOMMENDED** that the claims of Plaintiff, Lavoshai Mabien, be **DISMISSED without prejudice**, for failure to prosecute and obey the Court's orders.

**I. BACKGROUND**

Plaintiff, Lavoshai Mabien, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees on February 7, 2019. (Docs. 1, 2). On February 8, 2019, the Court granted Mabien's motion for leave to proceed without prepayment of fees. (Doc. 3). On that same date, the Court ordered Plaintiff,

who is proceeding *pro se*, to "file, and serve on opposing counsel, a Brief and Fact Sheet which lists the specific errors upon which plaintiff seeks reversal of the Commissioner's decision (see sample Brief and Fact Sheet, Attachments A and B)." (Doc. 5). Plaintiff was instructed to file her brief "[w]ithin thirty (30) days of the filing of the transcript and answer by Defendant." (Id.). Defendant filed an answer on behalf of the Social Security Administration and the social security transcript on June 6, 2019. (Docs. 11, 12). To date, Plaintiff has filed no brief or other response. On January 2, 2020, the Court issued a show cause order, advising Mabien that it appears that she has lost interest in this action and directing Mabien to show cause why this action should not be dismissed for failure to prosecute and failure to obey an Order of this Court. (Doc. 13). To date, Plaintiff has filed no response, nor has she requested an extension of time within which to do so. Moreover, the Court's orders have not been returned undeliverable.

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.*, 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006

U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; see also Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to

dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court has afforded Mabien repeated opportunities over a period of more than seven months to file her brief or other response, and she has failed to do so. The Court made it clear in its order dated January 2, 2020, that Mabien's failure to file a timely, written response to the Court's order would be considered by the Court an abandonment of the prosecution of this action by her and would result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice. (Doc. 13). Mabien has filed nothing in response. Thus, the Court recommends that this action be dismissed without prejudice for failure to obey the orders of the Court and failure to prosecute. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for

4

failure to comply); accord Kelly v. Tipton, 2015 U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

**III. CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **February, 2020.**

                                        **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**